JONES *v.* THE STATE.

On the facts in evidence, a verdict for murder followed as a necessary consequence, and there was no error in denying a new trial, although some minor errors and inaccuracies may have been committed in the course of the trial.

April 16, 1894.

Indictment for murder. Before Judge BUTT. Muscogee superior court. November term, 1893.

M. H. BLANDFORD and J. M. McNEILL, by brief, for plaintiff in error. J. M. TERRELL, attorney-general, and S. P. GILBERT, solicitor-general, by brief, *contra*.

LUMPKIN, Justice.

How such cruelty as was disclosed by the record in this case is possible, can be accounted for only upon the doctrine of total depravity. The accused brutally and unmercifully beat to death his niece, a helpless girl to whom he owed, *in loco parentis*, every duty of kindness and protection. It is unnecessary to mar the pages of this report with the heart-sickening details of his atrocious conduct. It is probably true that he did not actually intend to cause the death of the girl, but there was no other reasonable or natural consequence of his acts. He is, therefore, to the full extent, responsible in law for

what he did, and is beyond doubt a murderer, whether the actual intention to kill existed or not. His motion for a new trial contains many grounds, a close examination of which will, perhaps, disclose the commission of some minor errors and inaccuracies during the trial; but as the verdict for murder was the only one which could be legally found, they are immaterial and unimportant. There would be no wisdom nor justice in ordering another trial of a case which has already had a perfectly lawful and proper termination. The jury saw proper not to make a recommendation to mercy, and the accused has forfeited his life. We trust his awful fate will be a solemn warning to others who may be tempted to follow his unfortunate example.

*Judgment affirmed.*